# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAVID KASIAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-1082-CV-W-BP |
| | ) |
| CROWD SYSTEMS, INC., *et. al*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case arises from injuries Plaintiff received while attending the "Buzz Beach Ball" concert. Plaintiff filed his suit against Crowd Systems, Inc., ("CSI"), the Kansas City Board of Police Commissioners, ("KCPD"), and Officer Gilbert Carter, ("Carter"). Plaintiff has settled with CSI, thus the only remaining defendants are KCPD and Carter. Pending is Plaintiff's Motion for Discovery Sanctions against KCPD and Carter. (Doc. 105.) Plaintiff seeks sanctions against Defendants for their failure to timely produce: (1) a September 28, 2013 police report by Officer James Gale; (2) emails between Carter and Sgt. Cynthia Sheldon; and (3) a January 11, 2016 letter from Fraternal Order of Police, ("FOP"), President Brad Lemon to FOP members. Plaintiff requests that the Court strike Defendants' pleadings, enter judgment in favor of Plaintiff, set the trial for damages, and award Plaintiff's counsel attorney's fees related to this motion. Plaintiff's Motion is **DENIED.**

## I. BACKGROUND

On September 27, 2013, the Buzz Beach Ball concert took place at Berkley Riverfront Park in Kansas City, Missouri. CSI provided security services for the concert and hired Carter to assist in an off-duty capacity. (Doc. 92, ¶ 3.) During the event, a CSI representative informed

Carter of a possible fight in the crowd. (Doc. 99, ¶ 5.) Carter motioned for Plaintiff to approach. (Doc. 92, ¶ 8.) Carter, with the help of another off-duty police officer working security, Kevin White, lifted Plaintiff over the barrier. (Doc. 92, ¶ 21.) While Carter was still holding on to Plaintiff's upper body, White lost his grip on Plaintiff's legs. (Doc. 92, ¶ 26.) Carter then lost his balance and he and Plaintiff began falling towards the ground. (Doc. 92, ¶ 27.) Plaintiff landed on his head and shoulder, (Doc. 99-4, pp. 96-97), and fractured two vertebrae at the base of his neck. (Doc. 92-2, p. 49.) Plaintiff was then transported to the hospital for medical treatment. (Doc. 99-1, p. 3.)

Plaintiff's mother called the police after her son was admitted to the hospital. Officer Gale responded and took Plaintiff's statement. Plaintiff reported that after he bumped into a teenage girl at the concert she and her five friends attacked him. Plaintiff stated that "security guards" then grabbed him and tossed him over a barrier. (Doc. 105-3, p. 1.) The report goes on to state "[Plaintiff] stated he knew for sure it was a security guard and not a Police Officer." (Doc. 105-3, p. 1.)

On January 11, 2016, FOP President Brad Lemon wrote a letter to FOP members advising them to cancel their shifts with CSI because CSI refused to defend Carter in this lawsuit. (Doc. 105-1.) Lemon stated: "Our members simply cannot be placed in a position to perform duties for an off-duty employer and then be faced with that employer refusing to cover actions taken against our member." In June 2016, Carter exchanged emails with Sgt. Sheldon regarding CSI's refusal to defend Carter and KCPD's position that CSI was responsible for defending Carter because it was an off-duty incident. (105-2.)

Meanwhile, on September 27, 2015, Plaintiff filed a petition in Missouri state court. (Doc. 1-2.) On October 6, Defendants removed the case to federal court. On December 9, 2016,

KCPD and Carter filed their Rule 26 disclosures. Those disclosures did not contain or mention the three pieces of evidence at issue. On December 12, the Court entered a Scheduling Order with a discovery deadline of May 30, 2017. The Scheduling Order was later amended and the discovery deadline was extended until June 30.

On February 9, 2017, the Honorable Dean Whipple granted summary judgment to CSI on all but one of Plaintiff's claims against it. (Doc. 40.) Judge Whipple concluded that CSI could not be liable under the respondeat superior doctrine because the undisputed facts demonstrated that Carter was acting in his official capacity when he decided to arrest Plaintiff, which was before Plaintiff was injured. (Doc. 40, p. 5.) On May 25, 2017, Plaintiff settled with CSI on the remaining claim against it.

On May 11, Plaintiff received the FOP letter from CSI. On June 20, KCPD produced the emails between Carter and off-duty supervisor, Sgt. Sheldon. On July 31, after discovery closed, Officer Gale's report was produced as an exhibit to Carter's Motion for Summary Judgment. (Doc. 105-3.) Plaintiff argues that the three pieces of evidence would have created a genuine dispute of material fact as to Carter's employer and summary judgment would not have been granted to CSI. Plaintiff argues that the documents establish that the Defendants were having a dispute among themselves as to who Carter was working for and who should provide insurance coverage. For the reasons set forth below, the Court concludes that this evidence does not create a dispute of material fact and would have had no impact on Judge Whipple's decision.

## II. DISCUSSION

Plaintiff seeks sanctions pursuant to Fed. R. Civ. Pro. 37(c)(1). Rule 37(c) states in pertinent part:

> (1) If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at

> a hearing, or at a trial, unless that failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions.

Here, Defendants' failure to provide Plaintiff with the evidence at issue prior to Judge Whipple's was harmless within the meaning of the rule because the evidence does not create a dispute of material fact as to Carter's capacity when Plaintiff was injured.

Plaintiff argues that if the FOP letter and the emails been disclosed in the Rule 26 disclosures, then the existence of a disputed material fact about Carter's employment would have been established and summary judgment would not have been entered. However, Plaintiff misunderstands the basis for Judge Whipple's order. Judge Whipple acknowledged that it was undisputed that CSI hired and paid Carter to provide security at the concert. (Doc. 40, p. 6.) However, as Judge Whipple explained, "the key inquiry is not who hired Officer Carter to work the concert . . . but Officer Carter's capacity at the time of [Plaintiff's] injury." Neither the FOP letter nor the emails are relevant to determining whether Carter was acting in his official capacity at the moment he grabbed Plaintiff. At most, the documents establish that CSI believed Carter was acting as an officer at the moment of the arrest, and the FOP and KCPD believed that Carter was acting as a private security guard. The existence of this dispute was already known to the parties. Moreover, the existence of this dispute does not resolve it; in other words, the fact that the parties disputed the issue amongst themselves at one time early in the litigation does not inject a disputed issue into the Record as it existed when Judge Whipple ruled.

Plaintiff additionally argues that Defendants' failure to timely produce Officer Gale's report prejudiced Plaintiff because he was prevented from deposing a key witness. As an initial matter, Officer Gale was not present at the time of the incident. Officer Gale's police report

4

merely records Plaintiff's statement and does not contain any information that could not have been elicited through testimony from Plaintiff.  Moreover, Plaintiff's statement in the report that he believed that a security guard, and not an officer, grabbed him is irrelevant to the Court's determination that Carter was acting in his official capacity when he grabbed Plaintiff.

### III. CONCLUSION

Plaintiff was not prejudiced by Defendants' failure to produce the evidence in question prior to Judge Whipple's Order on Summary Judgment.  Plaintiff's Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ Beth Phillips<br>
BETH PHILLIPS, JUDGE<br>
UNITED STATES DISTRICT COURT

DATE: October 31, 2017